UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANADA J., SOFIA CAMPOS-RIEDEL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUTTE COUNTY, BUTTE COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL SERVICES, et al.,<br><br>Defendants. | No. 02-CV-00878-TLN-AC<br><br>**ORDER AUTHORIZING PETITIONER TO SEEK A TRANSFER OF THE STRUCTURED SETTLEMENT PAYMENT RIGHTS BY AND BETWEEN AMANDA J. AND J.G. WENTWORTH ORIGINATIONS, LLC, PURSUANT TO CALIFORNIA INSURANCE CODE § 10134 ET SEQ. BEFORE THE PLACER COUNTY SUPERIOR COURT** |

Before the Court is Petitioner J.G. Wentworth Originations, LLC's ("Petitioner") Motion for an order authorizing Petitioner to seek a transfer of the structured settlement payment rights by and between Plaintiff Amanda J. ("Plaintiff") and Petitioner before the Placer County Superior Court. (ECF No. 92.) For the reasons set forth below, the Court hereby GRANTS Petitioner's motion and authorizes Petitioner to proceed before the Placer County Superior Court.

On July 22, 2005, the Honorable David F. Levi of this Court approved the petition of Sophia Campos-Riedel, court appointed Guardian Ad Litem for minor Plaintiffs Amanda J. and Samantha W., for Approval of Minor's Compromise, pursuant to a settlement reached between the minor Plaintiffs and Defendant Butte County. (ECF No. 78.) The approved Minor's Compromise in relevant part, stated as follows:

1

2. Payable to Amanda J[.] (also "Payee"):

    A. $2,000.00 payable annually for four (4) years certain only, beginning 10/02/2014. Last payment is due 10/02/2017.

    B. Lump sum payment of $71,960.00 payable on 10/02/2021.

The precise future periodic payment amounts may vary slightly when the future periodic payments are ultimately funded, due to interest rate fluctuation and the time sensitivity of the investment.

It is understood that Payor will make a Non-Qualified Assignment to NABCO Assignments, Ltd. ("Assignee") of these future periodic payment obligations, with a present value of $54,599.95 ($15,000 allocated to Samantha, and $39,599.95 allocated to Amanda). The Assignee shall fund the obligation for the periodic payments by the purchase of an annuity contract from Allstate Life Insurance Company. The Assignee shall be substituted as obligor of such payments for Payor, which shall be released from any further obligation to make said future periodic payments. It is understood that the Assignee shall be the sole owner of the annuity contract. None of the periodic payments (including the Claimant's or Payee's rights to such payments), or any portion thereof, may be accelerated, deferred, increased or decreased, anticipated, sold, assigned, pledged or encumbered by the Payee (or by any other person who becomes a recipient of periodic payments pursuant to the terms of the Non-Qualified Assignment Agreement or by operation of law), except as pursuant to a qualified order under IRC Section 5891, and as amended.

(ECF No. 78 at 2–3.)

      Plaintiff Amanda J. now seeks to sell her structured settlement payment rights emanating from the Order of this Court to Petitioner, despite the anti-assignment language in the approved Minor's Compromise and the corresponding approval Order. (ECF No. 92 at 2.) Petitioner argues that "California courts have found that such language is unenforceable to bar the transfers of structured settlements." (ECF No. 95-1 at 2, citing *321 Henderson Receivables, LLC v. Sioteco*, 173 Cal. App. 4th 1059, 1074 (2011).) Indeed, California Insurance Code Section 10134 *et seq.* governs the transfer of structured settlements in the state.

    (a) A direct or indirect transfer of structured settlement payment rights is not effective and a structured settlement obligor or annuity issuer is not required to make any payment directly or indirectly to any transferee of structured settlement payment rights unless the transfer has been approved in advance in a final court order based on express written findings by the court that:

    (1) The transfer is in the best interest of the payee, taking into account the welfare and support of the payee's dependents.

2

> …
>
> (4) The transfer does not contravene any applicable statute or the order of any court or other government authority.
>
> (f)(1) A petition under this article for approval of a transfer of structured settlement payment rights shall be made by the transferee and brought in the county in which the payee resides at the time the transfer agreement is signed by the payee, or, if the payee is not domiciled in California, in the county in which the payee resides or in the county where the structured settlement obligor or annuity issuer is domiciled.

California Insurance Code Section 10139.5. Therefore, according to the California statute governing Plaintiff's structured settlement, she needs approval of the court in the county in which she resides in order to make a transfer effective. *Id.*

The annuity issuer/structured settlement obligor for Plaintiff's structured settlement is Allstate Life Insurance Company ("Allstate"). (ECF No. 92 at 2.) According to Petitioner, Allstate "has requested that prior to the Petition being heard in the County of Placer (the county of residence for [Plaintiff Amanda J.]), that the United States District Court for the Eastern District of California [] issue an order permitting the Petition to be heard in Placer County…." (ECF No. 92 at 3.) Petitioner does not articulate the reason(s) Allstate has requested such an order. Presumably, since this Court issued the Order approving the structured settlement, Allstate has concerns that this Court could issue an order in the future finding that the transfer contravenes the Order of this Court. While this Court certainly has no authority to demand that the Placer County Superior Court hear this action, the Court does not take issue with Petitioner and Plaintiff bringing their request for transfer of structured settlement payment rights before the Placer County Superior Court as required by California Insurance Code Section 10139.5 (f)(1). The Court notes that this Order does not: approve the proposed transfer; find that the transfer does not contravene any applicable statute or the order of any court or other government authority; nor does the Court find that it is in the best interests of the Plaintiff. Rather, the Court simply finds no reason why a judge of the Placer County Superior Court cannot make those determinations. If the Placer County Superior Court determines that the anti-assignment language approved by this Court is unenforceable and that the transfer is permissible under California law, the Court

confirms that the transfer does not contravene any order of this Court.

Therefore the Court GRANTS Petitioner's request and will permit the Petitioner to proceed in Placer County Superior Court regarding the sale of Plaintiff Amanda J.'s structured settlement payment rights emanating for the Order of this Court Approving of the Minor's Compromise.

IT IS SO ORDERED.

Dated: March 23, 2016

Troy L. Nunley
United States District Judge

4